State vs. Whitney.

## No. 9707.

### THE STATE OF LOUISIANA VS. WILLIAM WHITNEY.

Oral testimony is admissible to prove the contents of an indictment and other important documents which were lost or mislaid, and of which there existed no copy or record.

Identity of a party at the bar with the convicted accused, is a matter of fact which the district court can determine at the time of passing sentence and with which this Court cannot interfere, where the question is not presented so as to enable it to decide whether the trial judge was right or wrong.

APPEAL from the Seventh District Court, Parish of Franklin. *Moore*, Judge ad hoc.

*M. J. Cunningham*, Attorney General, for the State, Appellee:

1. A transcript of appeal purporting to be a transcript of certain parts of the trial, and not a complete record of all the judicial proceedings necessary to the determination of appellant's case, is not a complete transcript, and the appeal should be dismissed. C. P. 587; State vs. Johnson, 37 Ann.

2. When the record shows a bill of information was filed and a trial regularly proceeded with, and after the conviction and before sentence the prisoner escaped and was a fugitive from justice for more than two years, that after having been recaptured and before sentence was pronounced upon him it was shown the bill of information was lost and there was no copy in existence, and the contents of the information was proven by parol evidence reduced to writing, and such evidence was made part of a bill of exception, and was afterwards abstracted from the clerk's office, the defendant cannot complain that the record does not disclose the nature of the charge against him for the reason that he is estopped from claiming any benefit or advantage from irregularities, made possible by his wrongful act of escaping from legal custody.

3. Parol evidence is admissible to prove the contents of an information lost and no copy of same being in existence. Wharton Cr. Ev, § 204 *et seq*.

4. Identity is a question of fact and cannot be inquired into by the Supreme Court.

5. A convicted felon cannot defeat the just execution of the law by urging the loss of records occurring long after his conviction, and of which it is placed in his power to take advantage by means of his unlawful escape.

6. The status of a criminal prosecution should not be impaired by the culprit's escape. When he is recaptured, matters ought to be considered as in the same condition as at the time of his flight. The criminal should not be permitted to profit by his own wrong.

*J. W. Willis* for Defendant and Appellant:

Parol evidence is inadmissible to show the existence, loss or contents of an indictment or information; and where an indictment or information is lost, destroyed or abstracted from the clerk's office, no further proceedings in such case can be had, except from a duly certified copy of the record in such case, taken from the record book kept for the recording of such documents, after positive proof of the loss, destruction or abstraction of the same. Whar. Cr. Ev. § 153, and cases cited in note 8; Wright vs. State, 50 Miss. 191. This case also reported in Hawley's Amer. Cr. Rep. 1 vol., p. 191; 1 vol. Bish. Cr. Pro. §§ 1178-79-80-81, and 319; Act No. 17 of the State of La., 1878, p. 42.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The defendant claims that the sentence passed on him should be reversed and the case remanded for a new trial.

State vs. Whitney.

The transcript, which he has filed in this Court, is certified by the clerk as complete, as far as relates to the trial and conviction of the defendant. The clerk further certifies that all the other papers in the case have been lost, mislaid or abstracted from his office.

The record, however incomplete, contains the two bills of exception on which the defendant relies for a reversal of the sentence.

The first bill relates to the overruling of an objection made by his counsel to the admission of oral testimony "to prove the contents of the indictment, bond and all the papers belonging to the case which were mislaid or lost, and no record having been made thereof as required by law."

The second bill is to a kindred ruling permitting similar testimony and to the passing of sentence in the absence of the missing important documents themselves, or of others of almost equal dignity.

The bills could not stand strict legal criticism.

It may, however, be gathered from them that the objections urged,. were made to rest on the following grounds:

That no foundation had been laid to justify the admission of oral testimony; that the missing information could be supplied only by an exact copy of the same from the records; that the minutes did not show any particular charge of which the defendant was convicted; that the court was without authority to sentence the defendant for a. crime not shown by the record, and that the accused at bar had not been identified as the party convicted.

In answer, it suffices to say that the first bill distinctly shows that. the information and other papers were mislaid or lost, and that no record of them existed.

Under such circumstances, the law allows the admission of proof of inferior dignity to supply the deficiency.

Oral testimony was then received and it is only after it had been heard that the judge, made aware of the material facts which the documentary proof would have established, had it been produced, proceeded to pass sentence.

The question of identity was one of fact on which the lower court could and did pass. It is not presented in any form to enable this Court to determine whether the lower court was right or wrong.

It appears that the appellant, after conviction, broke jail, remaining at large some two years, and that it is after his capture. that these proceedings were had.

Under the circumstances, we feel no authority to disturb the condition of things.

Judgment affirmed.